IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CR. No. C-05-64 |
| § | C.A. No. C-05-594 |
| SERAFIN TREJO-REYES, § | |
| Defendant/Movant. § | |

### ORDER DENYING MOTION TO VACATE,
### SET ASIDE OR CORRECT SENTENCE AND
### ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Serafin Trejo-Reyes' ("Trejo") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 26).[1] Also before the Court is the government's response, which moves for the dismissal of Trejo's motion. (D.E. 34, 35). To date, Trejo has not filed a response to the motion to dismiss. For the reasons set forth below, the government's motion to dismiss (D.E. 35) is GRANTED and Trejo's § 2255 motion (D.E. 26) is DENIED. Additionally, the Court DENIES Trejo a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

### II. BACKGROUND

**A.   Summary of Offense**[2]

On January 19, 2005, U.S. Border Patrol agents observed a group of undocumented aliens loading into a pickup truck on Highway 77 north of Sarita, Texas. The truck headed north and agents pursued the vehicle. The driver stopped the vehicle just north of a rest area and fled the scene on foot

---

[1] Docket entry references are to the criminal case, CR. No. C-05-64.

[2] The summary is taken from Trejo's Presentence Investigation Report ("PSR") at ¶ 3.

eluding agents and leaving the undocumented aliens in the vehicle. Agents arrested eight undocumented aliens including Trejo. Trejo admitted to agents that he had entered the United States illegally on January 18, 2005, by wading across the Rio Grande River near Rio Grande City, Texas.

A comparative scan of Trejo's fingerprints revealed an extensive criminal history including five misdemeanor convictions for crimes of violence. One of these convictions was a misdemeanor assault and battery conviction in the Juvenile and Domestic Relations Court, Virginia Beach, Virginia, in Cause No. JA 102121-01. For that conviction, he was sentenced to a twelve-month term of imprisonment, which was suspended to time served, or slightly over a month.

**B.    Criminal Proceedings**

On January 26, 2005, a single-count indictment was returned charging Trejo with being unlawfully present in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1). On February 23, 2005, he pleaded guilty to the offense. There was no written plea agreement. (D.E. 13, 16; PSR at ¶ 2).

Pursuant to the District Court's order, the Probation Office prepared a Presentence Investigation Report ("PSR"). (D.E. 17, 19). The PSR scored Trejo at a base offense level of 8, but increased the offense level by 8 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C),[3] due to his assault and battery conviction in Virginia. (PSR at ¶¶ 8-9). He was given a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 13. (PSR at ¶ 14-17). At the initial call for sentencing, the defense requested a continuance to be able to brief whether a misdemeanor state offense, such as Trejo's assault and battery conviction, could constitute an "aggravated felony," and properly result in the eight-level increase to his offense level. (See May

---

[3] The PSR utilized the 2004 edition of the United States Sentencing Guidelines. (PSR at ¶ 7). All citations herein to the guidelines are to that edition.

2

11, 2005 Minute Entry). The Court granted the continuance and reset the sentencing. (Id.).

On May 26, 2005, the government filed a brief in which it argued that Trejo's Virginia conviction constituted an "aggravated felony" under the Sentencing Guidelines' definition of that term, and thus the eight-level enhancement was proper. (D.E. 22). At sentencing, held May 31, 2005, Trejo's counsel, Albert A. Pena, III, concurred in the government's legal analysis. (D.E. 31, Sentencing Transcript ("S. Tr.") at 2). Mr. Pena also told the Court that he had explained to his client the best that he could that, "although he was charged with a misdemeanor, that for purposes of the guidelines, it can be treated as a felony." (S. Tr. at 1).

The Court adopted the PSR and found that Trejo had an offense level of 13 and a criminal history category of III, resulting in a guideline imprisonment range of 18 to 24 months. Although the Court considered an upward departure, the Court instead sentenced Trejo to the highest end of the guidelines, both because of his history of violence and because a number of his convictions were effectively not scored due to the guidelines' limitation on scoring one-point convictions. (See PSR at ¶¶ 19-26, 58; S. Tr. at 5-6, 9-10). Specifically, the Court imposed a sentence of 24 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 23, 24). Judgment of conviction and sentence was entered on June 7, 2005. (D.E. 24).

Trejo did not appeal. Instead, he filed his § 2255 motion on December 30, 2005. (D.E. 26). It is timely.

### III. MOVANT'S ALLEGATIONS

Trejo's motion asserts two grounds for relief. First, he argues that the Court erred in increasing his offense level by eight levels pursuant to U.S.S.G. § 2L1.2 for an "aggravated felony," because his prior conviction only qualified for a four-level increase pursuant to U.S.S.G. § 2L1.2

3

(b)(1)(D). Second, he argues that he was denied effective assistance of counsel because his counsel failed to object to the PSR on the above ground and failed "to obtain state documents to establish to the Court that [his] prior offense was non-aggravated." (D.E. 26 at 4).

The government has moved to dismiss Trejo's motion on the grounds that he has failed to state a claim for relief. It has also moved to include in the record an affidavit from Mr. Pena, Trejo's attorney, which responds to the ineffective assistance claim. The Court GRANTS the motion to expand the record to include Mr. Pena's affidavit, and has considered the affidavit.

As discussed in detail herein, Trejo is not entitled to relief as to either of his claims.

## IV.  DISCUSSION

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### B.   Misapplication of the Sentencing Guidelines

Trejo's first claim is that the Court misapplied the sentencing guidelines and should have increased his offense level only by four levels, instead of eight. As an initial matter, this claim is not

4

cognizable in these proceedings. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (claims that the sentencing guidelines were misapplied are not cognizable in a § 2255 motion).

The claim is also barred because Trejo failed to raise it before the Court or on appeal. Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Trejo's failure to raise this ground precludes its consideration as part of his § 2255 motion, then, unless he can demonstrate either "cause and prejudice" or "actual innocence." Bousley, supra; Jones, supra. Trejo does not assert that he is actually innocent. Further, he offers no explanation as to why he failed to raise the issue on appeal. Thus, he has not shown cause and prejudice and his first ground for relief also fails because it is procedurally barred.

Moreover, even if it were properly before the Court, Trejo's first claim fails on its merits. The pertinent guideline provision sets a base offense level of eight for the offense of unlawfully entering or remaining in the United States. U.S.S.G. § 2L1.2. It then directs the sentencing court to apply the greatest increase of five options. The third of these states that if the defendant was deported or unlawfully remained in the United States, after "a conviction for an aggravated felony, increase by 8 levels." § 2L1.2(b)(1)(C). The application notes explain that the term "aggravated felony" has the meaning set forth in 8 U.S.C. § 1101(a)(43). In pertinent part, 8 U.S.C. § 1101(a)(43) defines an aggravated felony as including: "a crime of violence for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

Trejo's conviction clearly meets this definition. An assault conviction is a "crime of violence," and the term of imprisonment that resulted from his conviction was one year.[4] Thus, Trejo's conviction properly resulted in an eight-level enhancement. Trejo argues, however, that because it was a misdemeanor conviction for simple assault, it cannot possibly be an "aggravated felony." The Fifth Circuit addressed and rejected a similar argument in United States v. Urias-Escobar, 281 F.3d 165 (5th Cir. 2002).

The defendant in Urias-Escobar was convicted of illegal reentry after deportation pursuant to 8 U.S.C. § 1326(b)(2). 281 F.3d at 166. The sentencing judge concluded that the defendant's prior Texas conviction for assault with bodily injury, a misdemeanor, constituted an "aggravated felony" pursuant to U.S.S.G. § 2L1.2 and 8 U.S.C. § 1101(a)(43)(F). Id. Accordingly, his offense level was increased by sixteen points.[5] The Fifth Circuit held that the increase to the offense level was proper, agreeing with the other five circuits who had addressed the issue and all concluded that "a misdemeanor can be an 'aggravated felony,' even though it is not a felony at all." Id. at 167. The court explained:

---

[4] Although his sentence was suspended to time served, that it immaterial. The pertinent provision of Section 1101(a) states:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

8 U.S.C. § 1101(a)(48)(B); United States v. Yanez-Huerta, 207 F.3d 746 (5th Cir. 2000) (suspended sentence counts for enhancement purposes); see also United States v. Landeros-Arreola, 260 F.3d 407 (5th Cir. 2001) (relying on Yanez-Huerta and 8 U.S.C. § 1101(a)(48)(B) and distinguishing a suspended sentence, which should count for enhancement purposes, from a sentence entirely of probation, which did not).

[5] The defendant in Urias-Escobar was subject to a sixteen-level enhancement instead of eight because he was sentenced based on an earlier version of § 2L1.2. The 2001 Amendment to § 2L1.2 broke down the larger category of aggravated felonies, all of which previously had resulted in a sixteen-level increase, into smaller groupings of offenses. The change was intended to group prior convictions by their severity. See U.S.S.G. app. C, comment to amend. 632 (2001).

> In defining "aggravated felony," Congress was defining a term of art, one that includes all violent crimes punishable by one year's imprisonment, including certain violent misdemeanors.
>
> Though Urias-Escobar is correct that federal law traditionally defines a felony as a crime punishable by *over* one year's imprisonment, . . . the plain language of this statute says otherwise:
>
>> Congress has the power to define the punishment for the crime of reentering the country after deportation. ... Our decision would be much simpler if Congress had used the term "aggravated offense." However, rather than making the underlying offense conform to the label Congress erroneously used to describe section 1101(a)(43) as amended, we give effect to the definition of the underlying offense and ignore the label.
>
> [United States v. ]Graham, 169 F.3d [787, 792-93 (3d Cir. 1999)].

Urias-Escobar, 281 F.3d at 167-68 (emphasis in original) (internal citations omitted)

The same rationale applies to Trejo's argument that his prior conviction could not be an *aggravated* felony because it was a *simple* assault, not an *aggravated* assault. The federal statutory definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F) is controlling, not the characterization of the offense under state law or the label Congress gave. Under that statutory definition, Trejo's conviction for assault and battery resulting in a one-year sentence qualifies as an "aggravated felony." See U.S.S.G. § 2L1.2; see also United States v. Cordoza-Estrada, 385 F.3d 56, 58-59 (1st Cir. 2004) (defendant's offense level was properly increased 8 levels pursuant to § 2L1.2(b)(1)(C) because prior conviction for simple assault constituted "aggravated felony" as that term is defined).

For all of the foregoing reasons, Trejo's first claim fails on the record before the Court.

## C. **Ineffective Assistance of Counsel**

Trejo's claim of ineffective assistance of counsel is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d

7

592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order for Trejo to show that he suffered prejudice as to a sentencing issue, he must show that there is a reasonable probability that but for counsel's alleged errors, he would have received a lesser sentence. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). As discussed herein, there is no evidence to support any contention that, but for his counsel's alleged error, Trejo would have received a different sentence. Accordingly, Trejo's claim fails on the prejudice prong alone.

Trejo argues that his counsel should have challenged the eight-level enhancement to his offense level pursuant to U.S.S.G. § 2L1.2. As noted in the preceding section of this Order, however, the Court's eight-level increase to Trejo's offense level was wholly proper. Accordingly, even if his counsel had objected, he would not have received a lower sentence. As a result, no prejudice can be shown. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the

issue."). For the foregoing reasons, Trejo's ineffective assistance claim fails.

### D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Trejo has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Trejo's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve

encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, Trejo is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the aforementioned reasons, the government's motion to dismiss (D.E. 35) is GRANTED and Trejo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 26) is DENIED.  Additionally, Trejo is DENIED a Certificate of Appealability.

ORDERED this 30th day of May 2006.

_____
Janis Graham Jack
United States District Judge